IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 99-43-01 |
| v. | : | |
| CHARLES GRAVES | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                  NOVEMBER 19, 2009

I.   **BACKGROUND**

Petitioner Charles Graves ("Petitioner") has filed a pro se motion for reduction of his sentence based upon 18 U.S.C. § 3582(c) and the recent amendments to the Sentencing Guidelines with respect to cocaine base ("crack") offenses. On January 26, 1999, Petitioner was indicted on the following four counts: (1) possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (2) possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (4) and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On September 13, 1999, Petitioner was found guilty on all counts by a jury verdict.

A presentence investigation report was completed by the United States Probation Office (the "Probation Office"). The Probation Office determined that the narcotics charges and felon-

in-possession charges should be grouped together for purposes of sentencing because they were part of a single criminal episode. Because the offense level for the felon-in-possession counts had the highest offense level of the counts comprising this group, the counts related to possession of the firearm were used as the base offense. In light of the fact that Petitioner had at least two prior felony convictions for crimes of violence or drug offenses, and possessed a firearm in connection with his arrest, his base offense level under U.S.S.G. § 2K1.1(a)(1) was 26. The base offense level was increased by four levels under U.S.S.G. 2K1.1(b)(5) because Petitioner employed a firearm in connection with another felony offense.

Based upon Petitioner's criminal record, the Probation Office determined that he qualified as an armed career criminal within the meaning of U.S.S.G. § 4B1.4, and a career offender under U.S.S.G. § 4B1.1. As such, Petitioner's offense level was increased to 34. The Probation Office calculated Petitioner's criminal history and concluded that he should be placed in criminal category VI. Based upon an offense level of 34 and criminal category VI, Petitioner's guideline range was 262 months to 327 months, with a mandatory minimum sentence of 180 months.

On December 12, 1999, the Court sentenced Petitioner to 276 months' imprisonment on counts one through four.

## II. DISCUSSION

Section 3582(c)(2) provides:

> [I]n the case of a Petitioner who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the Petitioner or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In order for a court to reduce an imposed sentence, the reduction must be consistent with the applicable policy statements set forth in U.S.S.G. § 1B1.10. Pursuant to U.S.S.G. § 1B1.10(a)(2), a reduction is not consistent with these policy statements if the amendment relied upon by the Petitioner "does not have the effect of lowering the Petitioner's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). On November 1, 2007, the United States Sentencing Commission passed Amendment 706, which amended U.S.S.G. § 2D1.1 by lowering the base offense levels for most quantities of crack cocaine by two levels. See U.S.S.G. Supp. to App. C. amend. 706. On December 11, 2007, the Sentencing Commission made Amendment 706 retroactive by including it in the list of retroactive amendments in U.S.S.G. § 1B1.10.

Pursuant to section 3582(c)(2), a defendant is only

eligible for a reduction in sentence when the defendant was "sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, section 3582 is simply inapplicable because the calculation of Petitioner's guideline range was based upon the offenses for possession of a firearm and ammunition rather than the crack offenses charged in the indictment. In this case, Petitioner's base offense level would have been calculated under U.S.S.G. § 2D1.1 and been subject to the Amendment 706 but for the fact that the related firearm offenses triggered application of U.S.S.G. § 2K2.1, which exceeded and replaced the lower base offense level under section 2D1.1. Furthermore, the armed career criminal enhancement provided by U.S.S.G. § 4B1.4, which raised Petitioner's offense level to 34, similarly was unaffected by Amendment 706.

Therefore, since neither Petitioner's base offense level nor armed career criminal enhancement were affected by Amendment 706, he is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582. See United States v. Doe, 564 F.3d 305, 311-12 (3d Cir. 2009) (holding that a convicted defendant is not eligible for a sentence reduction pursuant to Amendment 706 where a mandatory minimum sentence exceeded the applicable guideline range, and thus subsumed and replaced the original guideline range); United States v. Jiles, 322 Fed. Appx. 682, 68-

84 (11th Cir. 2009) (non-precedential opinion) (finding that no authority existed to reduce defendant's sentence pursuant to Amendment 706 where defendant's base offense level was determined by possession of a firearm and not possession of crack cocaine).

**III. CONCLUSION**

For the reasons set forth above, Petitioner's motion for reduction of sentence will be denied.  An appropriate order will issue.